IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | **Crim. No. 23-16** |
| **BHASKAR SAVANI, et al.** | : | |

GOVERNMENT'S RESPONSE TO DEFENDANTS BHASKAR SAVANI,
ARUN SAVANI, AND NIRANJAN SAVANI'S
THIRD MOTION TO CONTINUE TRIAL AND PRETRIAL DEADLINES

The United States of America, by Jacqueline C. Romero, United States Attorney for the Eastern District of Pennsylvania, and Lesley S. Bonney, Kevin Jayne, and Anthony D. Scicchitano, Assistant United States Attorneys for the district, respectfully files this response to Defendants Bhaskar Savani, Arun Savani, and Niranjan Savani's ("Savani defendants") Third Motion to Continue Trial and Pretrial Deadlines.

1. On November 22, 2024, the Savani defendants filed their Third Motion to Continue Trial and Pretrial Deadlines. ECF No. 399. The Savani defendant's motion is based predominantly on the pendency of *Kousisis v. United States* (No. 23-909) before the United States Supreme Court.[1] The government argued, and the Court relied upon, *Kousisis* in denying the Savani defendants' motion to dismiss.

2. The Savani defendants seek not only to continue the trial date, but to stay all proceedings pending the Supreme Court's ruling on *Kousisis*.

3. *Kousisis* is scheduled for oral argument on December 9, 2024. Accordingly, a written opinion could issue as soon as January or February 2025, or as late as June 2025. It is impossible to predict the precise timing.

---

[1] As a secondary matter, the defendants indicated that their review of discovery materials was somewhat impacted by a decision to change their database provider.

4. Defendants Sunil Philip and Jon Julian have filed responses in opposition to the motion to continue. ECF Nos. 405 and 406. Both defendants seek severance should the Court grant the motion to continue. Neither Philip[2] nor Julian has articulated any basis to support the claim that their Speedy Trial rights would be violated by a continuance, and analysis of the factors described by the Supreme Court in *Barker v. Wingo*, 407 U.S. 514, 530 (1972), does not militate in their favor. *Id.* (Four factors to analyze to determine whether a continuance results in a Speedy Trial act violation are: "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant."). The delay here is not lengthy, especially in the context of a multi-defendant white collar RICO case that has been declared complex; the reason for the delay is neither the fault of any defendant nor the government; and, neither Philip nor Julian has described any prejudice whatsoever that will result from a continuance.

5. The government strenuously objects to staying the proceedings in their entirety pending the outcome of *Kousisis*. There is ample work that can and should be done to continue to prepare for trial on the plethora of charges in the Indictment upon which *Kousisis* has no bearing. Continuing this preparation will facilitate all parties' ability to try the case promptly after the Supreme Court issues its ruling on *Kousisis*.

6. The government has no objection to continuing the trial date until after *Kousisis* is decided, provided that the continuance applies to all defendants.

7. The government continues to object to severance for all the reasons set forth in its response to prior motions for severance, which motions were denied. ECF No. 378.

8. While the government believes the facts of this case are stronger than those presented

---

[2] Defendant Sunil Philip demands a speedy trial while simultaneously reserving the right to delay the trial "to raise any appropriate arguments under *Kousisis* . . ." should he find any part of the ruling to be applicable to him. ECF No. 405, at 1 n.1. He cannot have it both ways.

in *Kousisis*, the government is cognizant that the *Kousisis* ruling has the potential to impact the health care fraud charges in the Indictment (both the RICO predicate act and the substantive health care fraud charges), and by extension, the money laundering charges (both the RICO predicate act and substantive money laundering charges).

9. The government requests a status hearing or video call regarding the motion to continue where the parties can provide further information to the Court regarding their positions.

Respectfully submitted,

JACQUELINE C. ROMERO
*United States Attorney*

*/s/ Lesley S. Bonney*
LESLEY S. BONNEY
KEVIN JAYNE
ANTHONY D. SCICCHITANO

Dated:  December 2, 2024

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a true and correct copy of the Government's Response to Defendants Bhaskar Savani, Arun Savani, and Niranjan Savani's Third Motion to Continue Trial and Pretrial Deadlines on all counsel of record as designated on ECF by electronic filing.

                                                   */s/ Lesley S. Bonney*
                                                  LESLEY S. BONNEY
                                                  Assistant United States Attorney

Dated: December 2, 2024