**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | **Docket No. 2:23-cr-00016** |
| | **:** | **HONORABLE JEFFREY L. SCHMEHL** |
| **ARUN SAVANI** | **:** | |
| | **:** | |

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ARUN SAVANI'S**
**RULE 29 MOTION FOR JUDGMENT OF ACQUITTAL ON COUNT SIX**

I respectfully submit this supplemental memorandum in support of Arun Savani's pending Rule 29 motion for a judgment of acquittal on Count Six. As explained below, Count Six is based on an instance of mistaken identity. Specifically, the government mixed up two Indian men who are both named Vishal Patel, one of whom is "Person #22" in the indictment and the other of whom is a completely different man. Apparently without realizing it, the government actually proved this mix up at trial. This mix up—which, as demonstrated below, is fatal to Count Six for purposes of Rule 29—completely escaped my attention as well. I finally recognized it last night, after my client pointed it out to me for the umpteenth time (a reminder that the client often knows best).

If you ignore the gravity of the situation, the mix up is a tad amusing. Unfortunately, the presence of a legally deficient Count Six in the deliberation room could improperly infect the jury's deliberations on the "two or more" element of the RICO charge (because Count Six is one of two substantive immigration fraud charges against Arun). For this reason, I respectfully request that the Court grant Arun's Rule 29 motion on Count Six before the jury resumes its deliberations on Monday morning. If the government identifies anything materially incorrect in this memorandum, I will promptly withdraw this request.

1

**ARGUMENT**

Count Six is based on an allegedly false H1-B petition that Arun submitted on August 16, 2018 for "Person #22." *See* Indictment, p. 70. Count Six charges that the August 16, 2018 petition "falsely stated" that "Person #22" would be working as a "software developer" at "401 Commerce Drive" in Fort Washington. *Id.*

It is undisputed that "Person #22" is a man named Vishal Patel. *See* GX 44 (indictment masking chart). But there were two different Vishal Patels mentioned at trial. One is the husband of government trial witness Piyusha Patel; the other is a completely different man who sometimes went by the name "Vishal Italia." *See* Tr. of Feb. 11, 2026, at 49:21 - 50:7 (government eliciting during Piyusha Patel's direct examination that her husband Vishal Patel is different from the other Vishal Patel); *see also* Tr. of Jan. 23, 2026, at 71:17-21 (government eliciting during Hitesh Goyani's direct examination that he worked with a Vishal Patel who also went by the last name "Italia"); Tr. of Jan. 21, 2026, at 20:19-25: (government witness Jayesh Patel testifying about the Vishal Patel who sometimes went by the name "Vishal Italia").[1]

At trial, the government prosecuted Count Six on the premise that "Person #22" is Piyusha Patel's husband. The government's trial theory therefore was that the August 2018 H1-B petition for "Person #22" clearly was false because Piyusha Patel's husband was an office manager in Iowa, not a software developer in Fort Washington. *See* Gov't Trial Mem., ECF No. 614, at pp. 12-13 ("Count Six charges that on August 14 [sic], 2018, Arun Savani submitted an application and petition that falsely stated Vishal Patel would be employed as a software developer at American Management Group LLC, at 401 Commerce Drive . . . Vishal and Piyusha Patel are husband and wife and at the time the petition[] [was] submitted were living in Iowa and managing

---

[1] The January 23, 2026 transcript misspells "Vishal" as "Bishel."

the Savanis' dental practice there."). Piyusha Patel's trial testimony that her husband was an office manager in Iowa was the *only evidence* that the government introduced at trial to prove that "Person #22" was not working as a software developer in Fort Washington from August 2018 forward. But, as explained below, the trial record makes crystal clear that Piyusha Patel's husband *is not* "Person #22." "Person #22" is *the other* Vishal Patel—the one who sometimes went by the name Vishal Italia. The government's trial exhibits, combined with Piyusha's trial testimony, prove this beyond any doubt.

The government introduced through its H1-B summary charts (GX 120-1, 120-2, and 289) evidence of the H1-B petitions filed for "Person #22." GX 120-1 lists approved H1-B petitions submitted for "Vishal Vallabhbhai Patel" in February 2010, August 2012, August 2015, and August 2018.[2] GX 120-2 lists February 2010 and August 2015 petitions for "Vishal V. Patel," identifying the job titles in the petitions as "Programmer/Analyst" and as "Engrg (field of study)," respectively.[3] And GX 289 lists an August 2015 petition for "Vishal V. Patel," identifying the job title in the petition as "Programmer/Analyst." GX 296 is the August 2015 petition itself.[4]

It is clear that the Vishal Patel listed in GX 120-1, 120-2, 289, and 296 is a single person and is "Person #22" from the indictment. So how do we know that Piyusha Patel's husband is not that person? Well, we know this from the photographs that I have included at the end of this memorandum, after my signature block. But, even if we limit ourselves to the trial record, we know this because Piyusha Patel testified that, when she received her H1-B visa in 2011, her

---

[2] GX 120-1 describes the August 2018 filing, which is the filing on which Count Six is based, as a "change in previously approved employment." GX 120-1 does not otherwise identify anything about the contents of any of the H1-B petitions.

[3] The 2010 petition is described as a "change in employer" petition, which means that Vishal Vallabhbhai Patel already was on H1-B status at the time the 2010 petition was submitted.

[4] The government did not introduce the August 2018 petition itself.

husband was on H-4 status.  *See* Tr. of Feb. 11, 2026, at 53:14-16 ("Q: What was your husband's immigration status? A: He was H-4 dependent."); *see also id.*, at 47:17-21 (testifying that when her initial H1-B petition was submitted in 2011, her husband was not applying for an H1-B petition).  Piyusha Patel also testified that she and her husband were living in London in 2009 and first came to the United States in 2011.  *See* Tr. of Feb. 11, 2026, at 45:1 – 47:25.   GX 296, however, shows that the Vishal Patel who is "Person #22" was working in the United States on an H1-B visa starting in April 2006.  Page 15 of GX 296 states that petitioner had been residing in the United States from June 2008 to the present, and pages 53 through 55 of GX 296 are copies of the H1-B visa approvals that "Vishal V. Patel" received in April 2006, April 2008, and January 2009 when he was employed by a company called Info Services LLC.   It is therefore literally impossible for Piyusha Patel's husband to be the Vishal Patel who is "Person #22."  The Court thus can unequivocally deduce that "Person #22" is the *other* Vishal Patel—the one who sometimes went by Vishal Italia.

Did the government accidentally introduce at trial evidence sufficient to support a rational jury finding that Vishal Italia was not working as a full-time software developer in Fort Washington from August 2018 forward?  No, it did not.  To be sure, Jayesh Patel testified that he understood Vishal Italia to be the manager of an oral surgery office in Pennsylvania.  *See* Tr. of Jan. 21, 2026, at 20:19-25.  But Jayesh Patel stopped working for the Savanis in the summer of 2015, *see id.*, at 23:20-23, and so his testimony clearly is not competent evidence of the job functions that Vishal Italia was performing from August 2018 forward.  The only other witness who mentioned anything about Vishal Italia's job functions was Hitesh Goyani.  Goyani testified that when he (Goyani) began working for the Savanis in 2011, Vishal Italia was an office manager for an oral surgery office.  *See* Tr. of Jan. 23, 2026, at 70:12 – 71:21.  But the government did not

ask Goyani any questions about what Vishal Italia did from August 2018 forward (or even at any point past 2011), and it is unclear whether Goyani even would have had personal knowledge on that issue. Thus, Goyani's testimony also is not competent evidence of what job Vishal Italia was performing from August 2018 forward. There also is no documentary evidence in the trial record that could support a rational jury finding that Vishal Italia was not performing as a full-time software developer from August 2018 forward, especially considering that the trial evidence is undisputed that the Savani dental practices utilized a bespoke, in-house electronic health record software (DentaWeb) that was not purchased from a third party.

In sum, even if the August 2018 immigration petition from which Count Six arises described "Person #22" as a software developer—a fact that none of the trial evidence actually shows—the government completely failed to introduce evidence that such a description was false.

### CONCLUSION

Whether the government *could have* proven Count Six had it not mistakenly assumed that Piyusha Patel's husband was "Person #22" is beside the point. The government's entire trial strategy on Count Six flowed from the assumption that Piyusha Patel's husband is "Person #22," such that to prove Count Six it needed only to elicit from Piyusha Patel that her husband worked as an office manager in Iowa, and never as a software developer in Fort Washington. The government's assumption was provably mistaken, which caused it to fail to introduce evidence legally sufficient to sustain a guilty verdict Count Six. To preserve the integrity of the jury's deliberations on the remaining counts, the Court should grant Arun Savani a judgment of acquittal on Count Six and inform the jury on Monday morning that they need not consider this count any longer.

Respectfully submitted,

Dated: March 7, 2026

/s/ *Aaron M. Katz*
Aaron M. Katz
AARON KATZ LAW LLC
399 Boylston Street, 6th Floor
Boston, MA 02116
(617) 915-6305
akatz@aaronkatzlaw.com

**<u>ADDENDUM</u>**

Facebook photograph of Piyusha Patel with her husband Vishal Patel:



Photograph of Vishal Italia with his significant other:



## CERTIFICATE OF SERVICE

I served a copy of the foregoing on all parties via the CM/ECF system.

/s/ *Aaron M. Katz*